O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL BROWN OXLEY, | Case No. ED CV 14-0959 JCG |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Laurel Brown Oxley ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (*See* Joint Stip. at 17-21.) For the reasons below, the Court agrees with Plaintiff.

A. The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility

As a rule, an ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what

evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided two reasons to support his adverse credibility determination. The Court discusses and rejects each in turn.

### 1. Daily Activities

First, the ALJ found that, despite her impairments, Plaintiff "engaged in a somewhat normal level of daily activity and interaction." (*See* Administrative Record ("AR") at 64.) In particular, Plaintiff bathes and dresses independently, drives a few times a week, shops, cooks, performs household chores, studies the Bible, socializes with others, and is able to manage money. (*Id.* at 63-64.)

Generally, an ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities: (1) "contradict [the claimant's] other testimony"; or (2) "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, the ALJ found that some of the physical and mental abilities and social interactions required to perform Plaintiff's daily activities mirrored those necessary for obtaining and maintaining employment. (*See* AR at 64.) However, the ALJ made no specific findings about the transferability of Plaintiff's daily activities to the work setting, and the record does not evidence that Plaintiff spent a substantial part of her day engaged in activities that resembled those necessary for employment. (*Id.* at 63-64); *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (daily activities may form basis to discredit allegations of disabling pain "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting").

Additionally, the ALJ found that Plaintiff's daily activities undermined the

credibility of her subjective symptom testimony. (AR at 64.) But the ALJ did not identify *which* activities contradicted *which* testimony, and merely referencing the activities does not sufficiently demonstrate a conflict. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014); *Orn*, 495 F.3d at 639; *Lester*, 81 F.3d at 834.

Thus, Plaintiff's daily activities inadequately support the adverse credibility determination.

### 2. Medical Evidence

Second, the ALJ found that Plaintiff's subjective complaints were inconsistent with the objective medical evidence. (*See* AR at 67-68.)

As a general matter, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of [the symptoms].").

Moreover, in the instant case, the ALJ failed to explain *what* objective medical evidence detracted from the severity of Plaintiff's symptoms. *See Lester*, 81 F.3d at 834.

Thus, the ALJ's adverse credibility determination is inadequately supported.

### B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, outstanding issues must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[1]

Dated: May 29, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\* \* \*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\* \* \*

---

[1] In light of the Court's remand instructions, it need not address Plaintiff's remaining contentions. (*See* Joint Stip. at 3-7, 12-15.)